GUILFORD COUNTY AND CITY OF HIGH POINT v. CLARENCE C. BOYAN AND WIFE, MARGARET W. BOYAN; LEE F. STACKHOUSE, TRUSTEE FOR CLARENCE C. BOYAN AND WIFE, MARGARET W. BOYAN; JIMMY D. RIDGE; AND PIEDMONT HARDWOOD LUMBER COMPANY

No. 115

(Filed 2 June 1981)

ON discretionary review of the decision of the Court of Appeals reported at 49 N.C. App. 430, 272 S.E. 2d 1 (1980), affirming judgment for defendants entered by *Pfaff, Judge*, at the 26

November 1979 Civil Non-Jury Session of District Court, GUILFORD County.

Plaintiffs filed this action on 24 January 1975 to foreclose liens for ad valorem taxes (owed to both plaintiffs) and water and sewer assessments (owed to plaintiff City of High Point) on property located at 701 Oakview Road in High Point. At the time the taxes and assessments here involved became due the defendants Boyan owned the subject property. The Boyans conveyed their interest in the property to defendant Ridge by a warranty deed recorded 31 December 1974, prior to the institution of this action.

In their answers, defendants pled *res judicata* as a bar to the claim for water and sewer assessments, alleging that those assessments were the subject of an earlier foreclosure action in 1970 brought by the same plaintiffs in which both plaintiffs entered a voluntary dismissal with prejudice on 5 October 1971.

On 13 September 1976 plaintiffs made a motion in the District Court of Guilford County to amend the dismissal in the earlier action to read that it was without prejudice. Judge Kuykendall granted this motion on 5 October 1976.

On 12 October 1979 plaintiffs moved for summary judgment. Without ruling on this motion, the trial court proceeded to try the case without a jury. At the close of all the evidence the court found as a fact that defendant Ridge was a bona fide purchaser for value. Because at the time Ridge purchased the property the voluntary dismissal with prejudice was a final judgment, the court concluded that Ridge took the property free and clear of the lien and that plaintiff City was barred from asserting any claim of lien against the real property. The trial court also dismissed the assessment claims against the Boyans because the foreclosure of such is an action in rem and, as such, can be enforced only against the property.

The plaintiff City of High Point appealed to the Court of Appeals. That court affirmed the trial court's judgment on 4 November 1980.

We granted plaintiff City of High Point's petition for discretionary review on 4 March 1981.

*Hugh C. Bennett, Jr., for plaintiff-appellant City of High Point.*

*Boyan and Nix, by Kathleen E. Nix, for defendant-appellees Clarence C. and Margaret W. Boyan.*

*Stephen E. Lawing for defendant-appellee Ridge.*

PER CURIAM.

Upon review of the record, the briefs and oral arguments of counsel and the authorities there cited, we conclude that the petition for discretionary review was improvidently allowed.

The order allowing plaintiff's petition for discretionary review is vacated; the decision of the Court of Appeals affirming judgment for defendants remains undisturbed.